UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROBERT HOBSON,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **AMERICAN BANKERS INSURANCE OF FLORIDA,** <br><br> Defendant. | Civil Action No. 14-948 (MLC)(LHG) <br><br><br> **REPORT & RECOMMENDATION** |

This matter has been opened by the Court *sua sponte* as a result of Plaintiffs' failure to comply with this Court's orders. For the reasons that follow, it is respectfully recommended that the case be DISMISSED WITH PREJUDICE.

I.      BACKGROUND AND PROCEDURAL HISTORY

On February 12, 2014, Plaintiffs filed this matter against American Bankers Insurance of Florida ("American Bankers") alleging breach of a flood insurance contract in the aftermath of Hurricane Sandy. Complaint [Docket Entry No. 1]. American Bankers filed an Answer on April 14, 2014. [Docket Entry No. 6]. The Court entered Hurricane Sandy Case Management Order No. 1 (the "HSCMO") on April 15, 2014. [Docket Entry No. 7]. In accordance with the HSCMO, discovery was to be completed by no later than August 13, 2014. *See* HSCMO § 4 (requiring that "all pretrial discovery be completed within one hundred and twenty (120) days from entry of the HSCMO").

The Court conducted a telephonic status conference on July 15, 2014 (the "July 15 Conference"), during which the Court was informed that Plaintiffs had neither confirmed a date for their depositions nor had they provided documents, other than photographs, in support of their claims of damage to their crawlspace, as ordered in the HSCMO. The Court ordered

1

Plaintiffs to provide counsel for Defendant with a date for Plaintiffs' depositions and to advise counsel for Defendant with regard to what, if any, additional documents Plaintiffs intended to rely upon in support of the damages at issue by no later than July 22, 2014.  These Orders were reflected in the July 24, 2014 Pretrial Scheduling Order (the "July 24 Order").  [Docket Entry No. 8].

On July 31, 2014, counsel for Defendant submitted a letter to the Court (the "July 31 Letter"), advising the undersigned that Plaintiffs had not complied with the rulings issued during the July 15 Conference, as set forth in the July 24 Order, in that they had neither provided a date for Plaintiffs' depositions nor advised Defendant as to what, if any, documents they intended to rely on in support of their claims.  Plaintiffs did not respond to the July 31 Letter.

On September 19, 2014, the Court issued an Order to Show Cause, requiring Plaintiffs to show cause why this suit should not be dismissed as a result of their failure to comply with the HSCMO and the July 24 Order  (the "Order to Show Cause").  [Docket Entry No. 9].  Any response was to be submitted by September 26, 2014.  On October 7, 2014, Defendant submitted a letter to the Court further informing the undersigned that Plaintiffs had produced an additional four pages of documentation on August 28, 2014 (the "October 7 Letter").  [Docket Entry No. 12].  In the October 7 Letter, Defendant argues that the information produced in late August was not only in violation of the Court's prior Orders, but also deficient in that it listed claims for which Plaintiffs had either been reimbursed or for property that was not covered by their insurance policy.  Plaintiffs did not submit any response to the Order to Show Cause or the October 7 submission from Defendant.

II.     ANALYSIS

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to provide discovery, obey court orders, or otherwise prosecute a case. *See* FED. R. CIV. P. 37(b)(2), 41(b). Where such failures have occurred, dismissal may be an appropriate penalty. *Id*. In determining whether to impose an order of dismissal as a sanction for discovery violations, courts consider the factors set forth in *Poulis v. State Farm Casualty Co.*, 747 F.2d , 863, 868 (3d Cir. 1984). These factors include:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b). *See Iseley v. Bitner,* 216 Fed App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

Pursuant to the mandates of the HSCMO, Plaintiffs were required to provide Defendant with "[a]ll documents supporting or evidencing the claimed loss . . ." and to complete fact discovery by no later than August 15, 2014. *See* HSCMO § 4(a)(ii)(1) (establishing a 120-day timeframe for the completion of discovery). During the July 15 Conference, the undersigned instructed Plaintiffs to provide Defendant with a date for Plaintiffs' depositions and to advise counsel for Defendant with regard to what, if any, additional documents Plaintiffs intended to rely upon in supported of the damages at issue by no later than July 22, 2014. *See also* the July

3

24 Order. These dates were set on July 15 with Plaintiffs' counsel's participation and agreement. Plaintiffs did not comply with the Orders, nor did they seek to additional time to comply. Plaintiffs have not made any attempt to dispute that these Orders were violated. The record, however, is unclear whether the fault lies with Plaintiffs, their counsel, or some combination of the two. As such, the Court finds this factor to be neutral.

Since initiating this action, Plaintiffs have done little to move this case forward. This is evident in their failure to engage in the discovery process in any meaningful manner and their violation of Court's Orders. This misconduct has prejudiced American Bankers by inhibiting its ability to defend against this action, which satisfies the second *Poulis* factor and therefore weighs in favor of dismissal of this matter. *See, e.g., Payamps v. Huan Le*, Civ. Act. No. 12-7021, 2013 WL 6326379, at *3 (D.N.J. Dec. 4, 2013) (citations omitted) (adopting the report and recommendation of the Magistrate Judge).

During the July 15 Conference, with approximately one month remaining before the close of fact discovery, it became apparent that Plaintiffs had provided minimal documentation concerning their claim and had not diligently attempted to schedule Plaintiffs' depositions. Accordingly, the Court imposed additional deadlines to facilitate the timely completion of discovery. These deadlines were memorialized in the July 24 Order. In spite of these deadlines, Plaintiffs waited until after the deadlines had passed before providing Defendant with any additional documentation in further support of their claims. Defendant contends that the additional documentation, consisting of four pages, was irrelevant and therefore failed to comply with the Orders of the Court. There is no indication that Plaintiffs provided Defendant with a date for their depositions. Further, even after the Court entered the Order to Show Cause, Plaintiffs were given the opportunity to submit a position statement explaining their failure to

4

comply with the Court Orders but failed to do so.  Taken as a whole, this conduct is indicative of a pervasive pattern of delay.  As such, the third factor supports the dismissal of their claims with prejudice.

Although there is no evidence that Plaintiffs have litigated this matter in bad faith, the Court does find that their conduct has been willful.  As detailed above, Plaintiffs have disregarded Orders and deadlines of which they were undoubtedly aware.  The systematic neglect by Plaintiffs supports a finding of willfulness.  The undersigned therefore finds that the fourth *Poulis* factor supports the dismissal of this matter with prejudice.

The record of Plaintiffs' unresponsiveness suggests that alternative sanctions would be futile.  Indeed, despite being faced with an Order to Show Cause that explicitly threatened the dismissal of their case, Plaintiffs chose not to submit a position statement in response to the Order to Show Cause.  On the facts presented here, the Court finds that no lesser sanction would be effective.  *See Jackson Hewitt Inc. v. Larson & Savage, Inc.*, 2014 WL 4384535, at *3 (D.N.J. Sept. 2, 2014)  (non-participation sufficient indicative that alternative sanctions would not be effective).

In light of the stage of proceedings, the Court is unable to determine the meritoriousness of Plaintiffs' claims.  Accordingly, the Court finds this factor to be neutral.

Under these circumstances, the undersigned concludes that dismissal of Plaintiffs' claims with prejudice is warranted.  Plaintiffs voluntarily filed this case.  After doing so, they essentially failed to take any steps towards advancing this matter to trial.  Plaintiffs disobeyed this Court's Orders, including the HSCMO, the July 24 Order, and the Order to Show Cause, which warned of the possible dismissal of their action.  Plaintiffs' actions in this regard demonstrate a pattern of non-compliance with their obligations under the Federal Rules of Civil Procedure, this Court's

Orders as well as an utter disregard for the burdens imposed upon Defendant and the Court. As a result, this Court respectfully recommends that this matter be dismissed with prejudice.

III.     Conclusion

The Court having considered this matter pursuant to L.Civ.R. 78.1(b) and having given consideration to the *Poulis* factors;

IT IS on this 12th day of January, 2015,

RECOMMENDED that Plaintiffs' Complaint be DISMISSED WITH PREJUDICE.

Pursuant to Local Civil Rule 72.1(c)(2), the parties have fourteen days from the date of this Report and Recommendation to file and serve objections to the proposed findings and recommendations.

---

**LOIS H. GOODMAN**
**United States Magistrate Judge**